COPE, J.
(dissenting).
Respectfully, I cannot agree that Alberto M. Carbonell, P.A., was the prevailing party in the underlying appeal.
Carbonell obtained a judgment which ordered the sheriff to sell a substantial parcel of real estate owned by Marie Var-veris in order to satisfy a judgment. Carbonell had obtained judgment against Alexander Varveris, Marie’s husband. Carbonell impled Marie and obtained a judgment determining that Marie had received the real estate as a fraudulent conveyance.
On appeal, this court reversed the judgment because Carbonell had not obtained personal jurisdiction over Marie. This ruling was without prejudice to Carbonell to obtain service over Marie by any available means. This court also left in place a temporary injunction which prohibited any disposition of the property pending completion of the fraudulent conveyance proceedings.
Before the appeal, Carbonell had a foreclosure judgment ordering the property to be sold. After the appeal, Carbonell must go back and start over. The significant issue on the appeal was whether Varveris’ *578 property would be sold, and she won that issue.
The fact that we left the temporary injunction in place does not change the analysis. The temporary injunction is an interim remedy to preserve the status quo. The real issue on the prior appeal was whether Varveris’ real estate would be sold, and this court’s answer to that question was no.
Judge Siegel was entirely correct in ruling that Marie Varveris was the prevailing party in the appeal. The motion for review of the cost judgment should be denied.